## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA AGENTS ALLIANCE, LLC,<br>    an Oklahoma limited liability company,<br><br>        Plaintiff/Counterclaim<br>        Defendant,<br><br>v.<br><br>CHRIS TORRES, an individual,<br>DANIEL O'NEIL, an individual,<br>THE AFFINITIES GROUP, LLC, d/b/a<br>    TAG-THE AFFINITIES GROUP, an<br>    Oklahoma limited liability company,<br>JOHN DOE COMPANY, a Colorado<br>    corporation,<br><br>        Defendants/Counterclaimants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-17-1343-F |

## <u>ANSWER TO COUNTERCLAIM OF DANIEL O'NEIL</u>

Plaintiff/Counterclaim Defendant Oklahoma Agents Alliance, LLC ("OAA"), for

its answer to the Counterclaim of Defendant/Counterclaimant Daniel O'Neil [Doc. No.

67], states as follows:

1.    OAA admits Defendant/Counterclaimant O'Neil ("O'Neil") is an individual

and citizen of the State of Oklahoma.

2.    OAA admits it is a limited liability company organized in the State of

Oklahoma.

3.    OAA denies the allegations stated in paragraph 3 of the Counterclaim for the

same reasons stated in its Motion to Dismiss the Counterclaims of Defendants and

Counterclaimants Chris Torres and The Affinities Group, LLC [Doc. No. 20].  Specifically,

OAA denies that this Court has supplemental jurisdiction over the claims stated in the Counterclaim because the claims are not part of the same case or controversy presented by OAA's First Amended Complaint [Doc. No. 8].

4.      OAA admits the allegations stated in paragraph 4 of the First Amended Counterclaim but denies that OAA's business consists solely of insurance agency aggregation.

5.      OAA admits that there are other insurance agency aggregators conducting business in the State of Oklahoma.

6.      OAA admits that it was co-founded by Warren "Tony" Caldwell ("Caldwell") in 2000.

7.      OAA admits the allegations stated in paragraph 7 of the Counterclaim.

8.      OAA admits the allegations stated in paragraph 8 of the Counterclaim.

9.      OAA admits the allegations stated in paragraph 9 of the Counterclaim.

10.     OAA admits the allegations stated in paragraph 10 of the Counterclaim.

11.     OAA admits the allegations stated in paragraph 11 of the Counterclaim to the extent they are consistent with the terms of the LLC Membership Purchase Agreement described therein ("AAA Agreement").  To the extent the allegations stated in paragraph 11 of the Counterclaim are not consistent with the terms of the AAA Agreement, OAA denies the same.

12.     OAA admits the allegations stated in paragraph 12 of the Counterclaim.

13.     OAA is without sufficient information to admit or deny the allegations in paragraph 13 of the Counterclaim and therefore denies the same.

14.     OAA admits the allegations stated in paragraph 14 of the Counterclaim to the extent they are consistent with the terms of the Confidential Purchase, Sale and Release Agreement described therein and filed under seal with the Court [Doc. No. 23] ("OAA Agreement").  To the extent the allegations stated in paragraph 14 of the Counterclaim are not consistent with the terms of the OAA Agreement, OAA denies the same.

15.     OAA admits the allegations stated in paragraph 15 of the Counterclaim.

16.     OAA is without sufficient information to admit or deny the allegations stated in paragraph 16 of the Counterclaim and therefore denies the same.

17.     OAA is without sufficient information to admit or deny the allegations stated in paragraph 17 of the Counterclaim and therefore denies the same.

18.     OAA is without sufficient information to admit or deny the allegations stated in paragraph 18 of the Counterclaim and therefore denies the same.

19.     OAA admits that it became aware of TAG's operations in 2017.

20.     OAA admits that its counsel sent the letter described in paragraph 20 of the Counterclaim ("October 17 Letter").  OAA admits the allegations stated in paragraph 20 of the Counterclaim to the extent they are consistent with the October 17 Letter.  To the extent the allegations stated in paragraph 20 of the Counterclaim are not consistent with the terms of the October 17 Letter, OAA denies the same.  OAA specifically denies that the October 17 Letter made any false accusations.

21.     OAA admits the allegations stated in paragraph 21 of the Counterclaim to the extent they are consistent with the October 17 Letter.  To the extent the allegations stated in paragraph 21 of the Counterclaim are not consistent with the October 17 Letter,

OAA denies the same.  OAA specifically denies that the October 17 Letter made any false accusations.  As described in paragraph 21 of the Counterclaim, the October 17 Letter was a protected settlement communication.

22.     OAA admits the allegations stated in paragraph 22 of the Counterclaim to the extent they are consistent with the October 17 Letter.  To the extent the allegations stated in paragraph 22 of the Counterclaim are not consistent with the October 17 Letter, OAA denies the same.  As described in paragraph 22 of the Counterclaim, the October 17 Letter was a protected settlement communication.

23.     OAA admits that a declaratory action against OAA was filed in Oklahoma state court.  OAA denies that the claims asserted in the declaratory action had any merit.

24.     OAA admits that a letter was sent on November 7, 2017 ("November 7 Letter") as described in paragraph 24 of the Counterclaim.  OAA admits the allegations stated in paragraph 24 of the Counterclaim to the extent they are consistent with the November 7 Letter.  To the extent the allegations stated in paragraph 24 of the Counterclaim are not consistent with the terms of the November 7 Letter, OAA denies the same.  As described in paragraph 24 of the Counterclaim, the November 7 Letter was a protected settlement communication.

25.     OAA admits the allegations stated in paragraph 25 of the Counterclaim to the extent they are consistent with the November 7 Letter.  To the extent the allegations stated in paragraph 25 of the Counterclaim are not consistent with the terms of the November 7 Letter, OAA denies the same.  As described in paragraph 25 of the Counterclaim, the November 7 Letter was a protected settlement communication.

26.     OAA admits the allegations stated in paragraph 26 of the Counterclaim to the extent they are consistent with the November 7 Letter.  To the extent the allegations stated in paragraph 26 of the Counterclaim are not consistent with the terms of the November 7 Letter, OAA denies the same.  As described in paragraph 26 of the Counterclaim, the November 7 Letter was a protected settlement communication.

27.     OAA admits the allegations stated in paragraph 27 of the Counterclaim to the extent they are consistent with correspondence described therein.  To the extent the allegations stated in paragraph 27 of the Counterclaim are not consistent with correspondence described therein, OAA denies the same.  As described in paragraph 27 of the Counterclaim, said correspondence was a protected settlement communication.

28.     OAA denies the allegations stated in paragraph 28 of the Counterclaim.

29.     OAA admits the allegations stated in paragraph 29 of the Counterclaim.

30.     OAA is without sufficient information to admit or deny the allegations stated in paragraph 30 of the Counterclaim with respect to the decisions of LeBlanc and Wiedemann.  OAA specifically denies that it made any threats to LeBlanc or Wiedemann.  OAA admits the allegations stated in paragraph 30 of the Counterclaim to the extent they are consistent with the contents of the pleadings referenced in paragraph 30 of the Counterclaim.  To the extent the allegations stated in paragraph 30 of the Counterclaim are not consistent with the contents of the pleadings referenced in paragraph 30 of the Counterclaim, OAA denies the same.

31.     OAA admits that it sent the letter described in paragraph 31 of the Counterclaim ("OAA Letter").  OAA admits the allegations stated in paragraph 31 of the

Counterclaim to the extent they are consistent with the OAA Letter.  To the extent the allegations stated in paragraph 31 of the Counterclaim are not consistent with the terms of the OAA Letter, OAA denies the same.  OAA specifically denies that the OAA Letter made any false accusations.

32.     OAA is without sufficient information to admit or deny the allegations stated in paragraph 32 of the Counterclaim and therefore denies the same.

## COUNT I – Oklahoma Deceptive Trade Practices Act

33.     OAA incorporates its response to paragraphs 1-32 of the Counterclaim by reference.

34.     OAA admits that 78 O.S. § 53(A)(8) contains the language quoted in paragraph 34 of the Counterclaim.  OAA denies that it engaged in any deceptive trade practice.

35.     OAA admits that 78 O.S. § 53(B) contains the language quoted in paragraph 35 of the Counterclaim.  OAA denies that it engaged in any deceptive trade practice.

36.     OAA denies the allegations stated in paragraph 36 of the Counterclaim.

37.     OAA denies the allegations stated in paragraph 37 of the First Amended Counterclaim.

38.     OAA denies the allegations stated in paragraph 38 of the Counterclaim.

39.     OAA denies the allegations stated in paragraph 39 of the Counterclaim.

40.     OAA denies the allegations stated in paragraph 40 of the Counterclaim and specifically denies that Defendant/Counterclaimant is entitled to injunctive relief.

## COUNT II – Abuse of Process

41.     OAA incorporates its response to paragraphs 1-40 of the Counterclaim by reference.

42.     OAA denies the allegations stated in paragraph 42 of the Counterclaim.

43.     OAA denies the allegations stated in paragraph 43 of the Counterclaim.

44.     OAA denies the allegations stated in paragraph 44 of the Counterclaim.

45.     OAA denies the allegations stated in paragraph 45 of the Counterclaim.

46.     OAA denies the allegations stated in paragraph 46 of the Counterclaim.

47.     OAA denies the allegations stated in paragraph 47 of the Counterclaim.

48.     OAA denies the allegations stated in paragraph 48 of the Counterclaim.

49.     OAA denies the allegations stated in paragraph 49 of the Counterclaim and specifically denies that Defendant/Counterclaimant is entitled to punitive damages.

## PRAYER FOR RELIEF

Wherefore, OAA respectfully requests that this Court grant judgment against Defendant/Counterclaimant on each claim alleged in the Counterclaim, award OAA its costs and fees in defending the same, and grant such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     This Court lacks subject matter jurisdiction over the claims alleged in the Counterclaim, for the same or similar reasons as those explained in OAA's Motion to Dismiss the Counterclaims of Defendants and Counterclaimants Chris Torres and The Affinities Group, LLC [Doc. No. 20].

7

2.     The Counterclaim fails to state a claim on which relief can be granted, for the same or similar reasons as those explained in OAA's Motion to Dismiss the Counterclaims of Defendants and Counterclaimants Chris Torres and The Affinities Group, LLC [Doc. No. 20].

3.     The OAA Letter was protected by the litigation privilege and the *Noerr-Pennington* doctrine.

4.     Defendant/Counterclaimant has acted in bad faith in bringing his Oklahoma Deceptive Trade Practices Act claim and therefore OAA is entitled to its attorneys' fees incurred in defending the same under 78 O.S. § 54(C).

5.     The claims alleged by Defendant/Counterclaimant are predicated on correspondence that is confidential and inadmissible under Fed. R. Evid. 408.

6.     Defendant/Counterclaimant has not plead and cannot demonstrate facts sufficient to support an award of punitive damages under 23 O.S. § 9.1.

7.     The OAA Agreement did not waive or release OAA's claims in this matter.

8.     The OAA Agreement was executed approximately one year before the events giving rise to OAA's claims in this matter and therefore could not have prospectively waived or released said claims.

9.     Accord and satisfaction.

10.    Waiver.

11.    Estoppel.

12.    Laches.

13.    Unclean hands.

Respectfully Submitted,

s/  Michael A. Furlong

David A. Elder, OBA # 201687
Michael A. Furlong, OBA # 31063
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
(405) 235-7000 | (405) 996-3043 (fax)
delder@hartzoglaw.com
mfurlong@hartzoglaw.com
**ATTORNEYS FOR PLAINTIFF**
**OKLAHOMA AGENTS ALLIANCE,**
**LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Filing to the following ECF registrants:

D. Todd Riddles
triddles@cheeklaw.com

Gregory D. Winningham
gwinningham@cheeklaw.com

Tim N. Cheek
tcheek@cheeklaw.com

Tyler J. Coble
tcoble@cheeklaw.com

**ATTORNEYS FOR DEFENDANTS/
COUNTERCLAIMANTS CHRIS TORRES,
THE AFFINITIES GROUP, LLC, &
DANIEL O'NEIL**

s/ Michael A Furlong
Michael A. Furlong