## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA AGENTS ALLIANCE, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | Case No. CIV-17-1343-F |
| CHRIS TORRES, an individual, DANIEL O'NEIL, an individual, THE AFFINITIES GROUP, LLC, d/b/a TAG-THE AFFINITIES GROUP, an Oklahoma limited liability company, JOHN DOE COMPANY, a Colorado corporation, | ) ) ) ) ) ) ) ) | |
| Defendants/Counterclaimants. | ) | |

### JOINT STATUS REPORT

Pursuant to the Court's Order Granting Joint Motion to Continue Briefing Deadlines in Order Dated September 13, 2018 [Doc. No. 68], the Parties provide the following biweekly status update to the Court.

Since the last status update [Doc. No. 69], the parties have taken the following steps:

Defendants' counsel has continued to review those materials which the forensic expert segregated as potentially privileged to prepare a privilege log for Plaintiff. As noted in the parties' last status update, review of such materials is complicated by a substantial number of emails and related files involving Defendant Daniel O'Neil's father, Michael O'Neil, who has served as legal counsel for one or more of the Defendants for this and different matters in prior years. (See [Doc. No. 69] at 2 n.1.) Specifically, emails and

related files involving Michael O'Neil comprise 4,989 of the total 8,282 files segregated as potentially privileged. With few exceptions noted thus far, these emails require content-based review to determine whether they should be classified as privileged, not privileged, or nonresponsive to this case. (As opposed to emails involving, e.g., the undersigned Defendants' counsel, which the parties have agreed can be mass-classified as privileged.) Defendants' counsel anticipates having the vast majority, if not all, of this review project completed within the next two weeks. Upon completion of such review, the forensic expert advises that a computer-generated report with information substantially similar to a privilege log can then be provided to Plaintiff. For clarity, the statements regarding Michael O'Neil in this paragraph are Defendants' representation and Plaintiff reserves all rights to challenge any privilege designations made in Defendants' privilege log.

Additionally, in advance of the eventual lifting of this Court's stay, Defendants' counsel has furnished the following lists to Defendants for review and designation of files they deem "not appropriate for eradication":

| **File Name** | **Number of Search Results/Files** |
|---|---|
| 0557-005_Chris Torres Email Account_Keyword Search_9.28.2018_XERA File Listing.xlsx | 1,880 |
| 0557-009_Daniel Oneil Email Account_Keyword Search_9.28.2018_XERA File Listing.xlsx | 9,885 |
| 0557-019_Daniel Oneil Laptop User Files_Keyword Search_9.28.2018_XERA File Listing.xlsx | 349 |

The parties' forensic expert undertook a project to remove duplicate files and junk data from the following lists, resulting in a reduction in the number of files as indicated:

| File Name | Number of Search Results/Files |
|---|---|
| 0557-024_Chris Torres Laptop Email_Keyword Search_9.28.2018_XERA File Listing.xlsx | 218,205 reduced to 15,383 |
| 0557-024_Chris Torres Laptop User Files_Keyword Search_9.28.2018_XERA File Listing.xlsx | 3,126 reduced to 118 |
| 0557-027_Chris Torres Dropbox_Keyword Search_9.28.2018_XERA File Listing.xlsx | 207,189 reduced to 50,460 |

Given the substantial reductions, Plaintiff's counsel has consulted with the forensic expert to confirm that no files were removed from the lists other than duplicate and junk data files. The parties are awaiting a response.

Plaintiff has also reviewed the pre-reduction lists from the forensic expert and determined that approximately 328,000 files (or roughly 75%) are associated with Defendant Torres' OAA account emails. Some smaller number (but anticipated to be the same or similar percentage) of files on the post-reduction lists will, in Plaintiff's view, be similarly associated with Defendant Torres' OAA account emails. Plaintiff regards all of Defendant Torres' OAA emails as proper for eradication. If Defendant Torres disagrees, Plaintiff regards it as his burden to timely review all his OAA account emails and identify any "not appropriate for eradication." Plaintiff's counsel apprised Defendants' counsel of such position today, November 2, 2018, thus Defendants are not yet in a position to determine if they agree with Plaintiff's position in this regard, nor have they verified the

percent distribution of Torres' OAA account emails Plaintiff describes.  That said, Defendants' counsel has advised he will consult with Defendants in an attempt to verify Plaintiff's claim and to see if such a mass selection can be stipulated to for eradication, if a compromise can otherwise be reached, or if an objection to Plaintiff's position in full will be in order.

Given the extensive reductions discussed above and subject to the forensic expert's response regarding the latest round of reductions, Plaintiffs have concluded that no further reductions are warranted and that Defendants should complete their review of the file lists within the timeframe imposed by the Agreed Eradication Order [Doc. No. 48 at ¶ 11.] Plaintiff's position is that any further disagreements regarding the categorization of Plaintiff's files that are in the possession of one or more Defendants should be addressed at a future point in this litigation and not as part of the eradication process.  Should a large number of listed files become disputed now, the burden on the litigants and the court will be immense.  Plaintiff's position is simple: its files should be eradicated from Defendants' accounts and devices without further ado, subject to the provisions in the Agreed Eradication Order.

As Defendants' and their counsel's review of file listings has thus far been limited to potentially privileged materials (for counsel) and the three search result and file lists for "Chris Torres Email", "Daniel O'Neil Email", and "Daniel O'Neil Laptop" (for the individual Defendants), Defendants have not yet made a determination as to whether any further reductions in the newly released and reduced lists for "Chris Torres Laptop Email", "Chris Torres Laptop User Files", and "Chris Torres Dropbox" can or should be made.

However, even if the search result lists are accepted as final in their current state (78,075 files total), Defendants do not believe they could, starting today, conduct a full review and provide "do not eradicate" notation of such files within the limited 14-day timeframe provided for in the Agreed Eradication Order.  The parties, through counsel, have discussed this concern and have tentatively agreed to work with each other (within reason) on this timing issue.

Respectfully submitted,

s/  Michael A. Furlong
David A. Elder, OBA # 201687
Michael A. Furlong, OBA # 31063
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
(405) 235-7000 | (405) 996-3043 (fax)
delder@hartzoglaw.com
mfurlong@hartzoglaw.com
**ATTORNEYS FOR PLAINTIFF AND
COUNTERCLAIM DEFENDANT
OKLAHOMA AGENTS ALLIANCE,
LLC**

s/  Tyler J. Coble
(Signed by filing Attorney with
permission of Attorney)
Tim N. Cheek, OBA # 11257
D. Todd Riddles, OBA # 15143
Gregory D. Winningham, OBA # 22773
Tyler J. Coble, OBA # 30526
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
(405) 272-0621 | (405) 232-1707 (fax)
tcheek@cheeklaw.com
triddles@cheeklaw.com
gwinningham@cheeklaw.com
tcoble@cheeklaw.com
**ATTORNEYS FOR DEFENDANTS
AND COUNTERCLAIMANTS CHRIS
TORRES, DANIEL O'NEIL, AND THE
AFFINITIES GROUP, LLC**