## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA AGENTS ALLIANCE, LLC, an Oklahoma limited liability company, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> CHRIS TORRES, an individual, <br> DANIEL O'NEIL, an individual, <br> THE AFFINITIES GROUP, LLC, d/b/a <br>    TAG-THE AFFINITIES GROUP, an <br>    Oklahoma limited liability company, <br> JOHN DOE COMPANY, a Colorado <br>    corporation, <br><br> Defendants/Counterclaimants. | Case No. CIV-17-1343-F |

### JOINT STATUS REPORT

Pursuant to the Court's Order Granting Joint Motion to Continue Briefing Deadlines in Order Dated September 13, 2018 [Doc. No. 68], the Parties provide the following biweekly status update to the Court.

Since the last status update [Doc. No. 71], the parties have taken the following steps:

Defendants' counsel has continued to review those materials which the forensic expert segregated as potentially privileged to prepare a privilege log for Plaintiff. Consistent with the prediction made in the last status update, the vast majority of this review has been completed to date. Specifically, of the 8,282 files segregated, 7,539 have been reviewed and designated as "privileged," "not privileged," or "not privileged and non-responsive." Notwithstanding the intervening Thanksgiving holiday, Defendants' counsel

anticipates completing review and designation of the remaining materials within the next two weeks. Based upon representations made by the forensic examiner, and assuming no unforeseen difficulties, Defendants' counsel believes a privilege log for Plaintiff's review will be quickly generated and provided within that same two weeks. Plaintiff reserves all rights to challenge any privilege designations made in Defendants' privilege log.

Defendants continue to review the file lists provided to them by counsel. Defendant O'Neil has completed a preliminary review and notation of the file lists pertaining to his own devices and accounts, i.e., his email account (9,885 files) and his laptop (349 files). Once Defendants' counsel completes his review and designation of potentially privileged materials, his next step is to review O'Neil's preliminary lists to ensure proper "eradication"/"no eradication" notations have been made before submitting the same to Plaintiff. Defendant Torres has not yet completed the preliminary review of the lists pertaining to his devices and accounts, though those lists are substantially larger than O'Neil's (67,841 files to review and note across 4 lists). However, as noted below, the parties are in the process of negotiating an agreement that may substantially reduce the number of files at issue on these Torres-specific lists.

The parties continue to negotiate the agreed eradication of a large portion of the total files consisting of Defendant Torres' OAA account emails. The parties have exchanged proposals and counsel for both parties met face-to-face on Thursday, November 15, 2018 at which the issue was discussed. Defendants' proposal included a request to make a similar blanket determination as to one other set of emails. The parties are optimistic they

will have an agreement on the issue by the date of the next joint status report (i.e., November 30, 2018).

If the anticipated agreement described in the foregoing paragraph is reached, it continues to be Plaintiff's position that no further reductions will be warranted and that the Court should lift its stay order [Doc. No. 62] and require Defendants to complete their review of the file lists within the timeframe imposed by the Agreed Eradication Order [Doc. No. 48 at ¶ 11.] Defendants agree that the parties have probably reached the end of further modifications to the forensic examiner's lists themselves (where the forensic examiner works with the data to produce more-streamlined lists), but Defendants do not agree lifting the stay is proper at this time.  From an efficiency standpoint, Defendants see value in continuing to search for opportunities that allow for potential agreements similar to those described in the above paragraph, where the parties summarily agree to eradicate materials or to save them from eradication, whichever is appropriate.  Such agreements, if reached, significantly reduce the number of files the parties must then review with particularity to determine proper eradication status.  Absent such agreements, Defendants do not believe they can complete a proper, thorough review and notation of the file lists within the 14-day deadline currently provided for under the Agreed Eradication Order.  That said, the parties, through counsel, continue to discuss and reasonably work with each other on this timing issue.

Respectfully submitted,

s/ Michael A. Furlong
David A. Elder, OBA # 201687
Michael A. Furlong, OBA # 31063
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
(405) 235-7000 | (405) 996-3043 (fax)
delder@hartzoglaw.com
mfurlong@hartzoglaw.com
**ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT OKLAHOMA AGENTS ALLIANCE, LLC**

s/ Tyler J. Coble
(Signed by filing Attorney with permission of Attorney)
Tim N. Cheek, OBA # 11257
D. Todd Riddles, OBA # 15143
Gregory D. Winningham, OBA # 22773
Tyler J. Coble, OBA # 30526
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
(405) 272-0621 | (405) 232-1707 (fax)
tcheek@cheeklaw.com
triddles@cheeklaw.com
gwinningham@cheeklaw.com
tcoble@cheeklaw.com
**ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS CHRIS TORRES, DANIEL O'NEIL, AND THE AFFINITIES GROUP, LLC**