IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA AGENTS ALLIANCE, LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS TORRES, an individual, DANIEL O'NEIL, an individual, THE AFFINITIES GROUP, LLC, d/b/a TAG-THE AFFINITIES GROUP, an Oklahoma limited liability company, JOHN DOE COMPANY, a Colorado corporation,<br><br>Defendants. | Case No. CIV-17-1343-F |

## **ORDER**

Before the Court is Defendants' Motion for Order Temporarily Staying Enforcement of Eradication Plan Deadline [Doc. No. 64].  Defendants' Motion sought a temporary stay of the fourteen-day deadline set forth in paragraph (11) of the Court's Agreed Eradication Order [Doc. No. 48].

On September 13, 2018, the Court entered an Order [Doc. No. 63] granting in part and reserving in part Defendants' Motion.  That Order stayed the deadline at issue in Defendants' Motion and set forth a briefing schedule for the parties to present written argument concerning all other issues presented in Defendants' Motion.  The Court also directed the parties to work together in an attempt to resolve the issues presented in Defendants' Motion.

1

On October 4, 2018, the parties' submitted their Joint Motion to Continue Briefing Deadlines in Order Dated September 13, 2018 [Doc. No. 66].  In their Joint Motion, the parties provided a status on their efforts to resolve the issues first presented in Defendants' Motion for Order.  The parties requested the Court strike or continue indefinitely the briefing schedule the Court previously ordered to give the parties additional time to work with their forensic expert to resolve the issues presented in Defendants' Motion for Order.  The parties proposed a plan in which they would submit status updates to the Court every two (2) weeks during the pendency of the stay until such time that the parties could notify the Court that they were ready for the stay to be lifted.  The Court granted the parties' Joint Motion in an Order filed October 5, 2018 [Doc. No. 68], approving the parties' proposal regarding submission of bi-weekly status updates.  However, the Court also advised that, if the stay had not been lifted by November 28, 2018, the case would be noticed for the Court's December 3, 2018, status and scheduling docket.

By November 29, 2018, the parties had complied with the Court's Order requiring bi-weekly status reports, but the parties had not yet given notice to the Court advising they were ready to lift the stay.  Accordingly, on that date, rather than set the matter for the Court's December 3, 2018, status and scheduling docket, the Court instructed the parties to prepare to discuss lifting of the stay with the Court during a motion hearing in this matter previously set for December 14, 2018 [Doc. No. 77].

On December 14, 2018, the parties announced to the Court that they had reached an agreement regarding resolution of Defendants' Motion for Order Temporarily Staying Enforcement of Eradication Plan Deadline [Doc. No. 62].  Resolution of Defendants'

Motion for Order terminates the need for a stay of briefing deadlines for that Motion as provided in this Court's Order of September 13, 2018 [Doc. No. 63]. That stay of briefing deadlines is therefore dissolved.

Now, having been advised of the parties' agreement, and upon review of the circumstances described herein,

IT IS THEREFORE ORDERED that Defendants' Motion for Order Temporarily Staying Enforcement of Eradication Plan Deadline [Doc. No. 62] is GRANTED per agreement of the parties. The fourteen-day deadline set forth in paragraph (11) of the Court's Agreed Eradication Order [Doc. No. 48], first stayed on September 13, 2018, shall continue to be stayed until 11:59 p.m. on January 17, 2019, at which time the stay shall lift, the fourteen-day deadline shall begin to run, and the parties shall recommence the process provided in the Agreed Eradication Order.

IT IS FURTHER ORDERED that, per agreement of the parties, the files identified in Defendant Torres' iCloud account, as listed by the parties' forensic expert, are exempted from the fourteen-day deadline set forth in paragraph (11) of the Court's Agreed Eradication Order [Doc. No. 48]. Instead, the parties shall continue to cooperate reasonably and in good faith regarding identification of materials appropriate for eradication, if any, with respect to Defendant Torres' iCloud account. Once the parties agree upon those materials that shall be eradicated from Torres' iCloud account, if any, the list of such materials shall be provided to the parties' forensic expert, who shall then implement the eradication plan upon Torres' iCloud account consistent with paragraph (12) of the Agreed Eradication Order. If after good faith efforts the parties are unable to reach

an agreement regarding the materials appropriate for eradication in Torres' iCloud account, the parties may present the matter to the Court via an appropriate motion.

IT IS ORDERED this 17th day of January, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

s/ Michael A. Furlong
David A. Elder, OBA # 201687
Michael A. Furlong, OBA # 31063
Michael P. Whaley, OBA # 33640
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
(405) 235-7000 | (405) 996-3043 (fax)
delder@hartzoglaw.com
mfurlong@hartzoglaw.com
mwhaley@hartzoglaw.com
**ATTORNEYS FOR PLAINTIFF
OKLAHOMA AGENTS ALLIANCE, LLC**

s/ Tyler J. Coble
(Signed by filing Attorney with
permission of Attorney)
Tim N. Cheek, OBA # 11257
D. Todd Riddles, OBA # 15143
Gregory D. Winningham, OBA # 22773
Tyler J. Coble, OBA # 30526
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
(405) 272-0621 | (405) 232-1707 (fax)
tcheek@cheeklaw.com
triddles@cheeklaw.com
gwinningham@cheeklaw.com
tcoble@cheeklaw.com
**ATTORNEYS FOR DEFENDANTS
CHRIS TORRES, DANIEL O'NEIL, and
THE AFFINITIES GROUP, LLC, d/b/a
TAG-THE AFFINITIES GROUP**

17-1343p020.PO.docx