# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA AGENTS ALLIANCE, LLC, an Oklahoma limited liability company,<br><br>          Plaintiff,<br><br>-vs-<br><br>CHRIS TORRES, an individual, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-17-1343-F<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff moves under Rule 16(b)(4), Fed. R. Civ. P. (doc. no. 83), asking the court to amend the scheduling order (doc. no. 61) by continuing all unexpired deadlines for ninety days.  Defendants have responded, objecting to the proposed extension.  Doc. no. 84.

Rule 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent.  Good cause exists when the deadline cannot be reasonably met despite the diligence of the party seeking the extension.  <u>Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC</u>, 529 Fed. Appx. 886, 891 (10th Cir. 2013), unpublished, quoting Fed. R. Civ. P. advisory notes.  Thus, a showing of diligence is a necessary part of the good cause standard.

The parties agree that this case is complex and that a great deal has been "going on" in it.  Furthermore, the moving papers show diligence by all parties, in an effort to move this complex action to trial.

In addition to these general considerations, plaintiff argues that its expert witness and report deadline is (or was, presuming no extension) March 20, 2019,

that defendants' expert witness and report deadline is 21 days later, that final witness and exhibit lists are due from plaintiff on April 10, 2019, and that defendants' final witness and exhibit lists are due fourteen days later. Plaintiff argues that it has been prudent to delay certain steps on plaintiff's part in light of the on-going and complex eradication process, and that discovery is not complete despite extensive efforts by both parties including a four-month delay approved by the court at defendants' request. In light of these considerations, plaintiff submits it is not yet an appropriate time to subject plaintiff to the expense of obtaining expert reports, and that any expert report obtained would necessarily rely on incomplete information and require extensive and costly revisions and supplementation later. These arguments favor the extension as a reasonable and necessary means to conserve the parties' resources, to avoid undertaking certain procedural steps more than once, and to prepare for trial in an orderly manner.

Plaintiff has shown good cause for the requested extension, which will be granted. That said, the court is sensitive to defendants' concerns about reaching trial in a timely manner. Absent truly extraordinary circumstances, the court is unlikely to grant future extensions.

The motion is **GRANTED**. This action will be placed on the December, 2019 docket. The clerk will enter a separate order setting out the new deadlines.

IT IS SO ORDERED this 22nd day of March, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1343p021.docx